FILED-CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT   2009 APR 17  PM 2: 03

EASTERN DISTRICT OF TEXAS   TEXAS-EASTERN

BY_____

RODULFO L. RIVERA, M.D.

    PLAINTIFF

VS.

ROBERTA M. KALAFUT, D.O., In Her
    Individual Capacity Only;

MANUEL G. GUAJARDO, M.D., In His
    Individual Capacity Only;

MELINDA S. FREDRICKS, In
    Her Individual Capacity Only;

PATRICIA S. BLACKWELL, In Her
    Individual Capacity Only;

JOSE M. BENAVIDES, M.D., In
    His Individual Capacity Only;

JULIE ATTEBURY, In Her
    Individual Capacity Only;

MICHAEL ARAMBULA, M.D., In
    His Individual Capacity Only;

LAWRENCE L. ANDERSON, M.D.,
    In His Individual Capacity Only;

CHARLS E. OSWALT, III, M.D., In
    His Individual Capacity Only;

MARGARET C. McNEESE, M.D.,
    In Her Individual Capacity Only;

DONALD PATRICK, M.D., In His
    Individual Capacity Only;

MARI ROBINSON, In Her Individual
    Capacity Only;

§ CASE NUMBER  4:09cv181 - RAS
§
§ COMPLAINT
§
§ Title 42 U.S.C. §§ 1981; 1983; 1985 (3);
§ Title 18 U.S.C. § 241; Tort Action
§ RICO Violation
§
§
§
§
§ JURY TRIAL DEMANDED
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

1

IRVIN E. ZEITLER, JR., D.O., In §
    His Individual Capacity Only; §
                                                   §

TIMOTHY WEBB, In His §
    Individual Capacity Only; §
                                                   §

TIMOTHY J. TURNER, In His §
    Individual Capacity Only; §
                                                   §

ANNETTE P. RAGGETTE, In §
    Her Individual Capacity Only; §
                                                   §

LARRY PRICE, D.O., In His §
    Individual Capacity Only; §
                                                   §

MELINDA McMICHAEL, M.D., In §
    Her Individual Capacity Only; §
                                                   §

AMANULLAH KHAN, M.D., In §
    His Individual Capacity Only, §
                                                   §

PAULETTE B. SOUTHARD, §
    In Her Individual Capacity Only; §
                                                   §

DAVID GARZA, D.O., In His Individual §
    Capacity Only; §
                                                   §

ANONYMOUS EXPERT REVIEWER §
    In His or Her  Individual §
    Capacity Only; §
                                                   §

IRWIN SEGAL, M.D., In His §
    Individual Capacity Only; §
                                                 §

AARON SEGAL, M.D., In His §
    Individual Capacity Only; §
                                               §

CATHLEEN PARSLEY, In Her §
    Individual Capacity Only; §
                                                 §

    DEFENDANTS §

§ § § § § § § § § § § § § § § §

NOW COMES Rudy Rivera, Plaintiff, to file this Complaint and would show the Court the following, to wit:

I.

## JURISDICTION

1.) This action is brought pursuant to Title 42 USC §§ 1981; 1983-88, Title 28 U.S. § 1331; § 1332, Title 28 USC 1343, State Law Claims under Title 28 USC § 1367, Title 18 USC § 1951, The Sherman Act, The Hobbs Act, and the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

II.

## PARTIES

1.    Plaintiff in this case is Rodulfo L. Rivera, M.D. who can receive mail at c/o 8032 Cavalier Dr. Plano, TX 75024.

2.    Defendant Roberta Kalafut, D.O., acting under color of law as Texas State Medical Board member, can receive mail at c/o 1888 Antilley Rd., Abilene, TX 79606.

3.    Defendant Manuel G. Guajardo, M.D., acting under color of law as Texas State Medical Board member, can receive mail at c/o 300 Lorenaly Dr., Brownsville, TX 78526.

4.    Defendant Melinda S. Fredricks, acting under color of law as Texas State Medical Board member, can receive mail at c/o 822 Stone Mountain Dr., Conroe, TX 77302.

5.    Defendant Patricia S. Blackwell, acting under color of law as Texas State Medical Board member, can receive mail at c/o 511 W

Ohio Ave #307, Midland, TX 79701.

6.   Defendant Jose M. Benavides, M.D. , acting under color of law as Texas State Medical Board member, can receive mail at c/o 4502 Medical Dr., San Antonio, TX 78784-7870.

7.   Defendant Julie Attebury, acting under color of law as Texas State Medical Board member, can receive mail at c/o 2801 Harmony, Amarillo, TX 79106.

8.   Defendant Michael Arambula, M.D., acting under color of law as Texas State Medical Board member, can receive mail at c/o 14800 US Hwy 281 North Ste. 110, San Antonio, TX 78232.

9.   Defendant Lawrence L. Anderson, M.D., acting under color of law as Texas State Medical Board member, can receive mail at c/o 1367 Dominion Plaza, Tyler, TX 75703.

10.   Defendant Charles E. Oswalt, III, M.D., acting under color of law as Texas State Medical Board member, can receive mail at c/o Hillcrest Regional Trauma, 3000 Herring, Waco , TX 76708.

11.   Defendant Margaret C. McNeese, M.D., acting under color of law as Texas State Medical Board member, can receive mail at c/o 6410 Fannin St., UT Professional Bldg. 510, Houston, TX 77030.

12.   Defendant Donald Patrick, M.D., acting under color of law as member and Executive Director of Texas State Medical Board, can receive mail at c/o 15808 North F.M. 620 Round Rock, TX 78683.

13.   Defendant Mari Robinson, acting under color of law as employee and Executive Director of Texas Medical Board, can receive mail at c/o Texas Medical Board 333 Guadalupe, Tower 3, Suite 610, Austin, TX 78701.

14. Defendant Irvin E. Zeitler, Jr., D.O., acting under color of law as Texas State Medical Board member, can receive mail at c/o 120 East Harris Ave. ,P.O. Box 1879, San Angelo, TX 76902.

15. Defendant Timothy Webb, acting under color of law as Texas State Medical Board member, can receive mail at c/o 3401 Louisiana St., Ste. 120, Houston, TX 77002.

16. Defendant Timothy J. Turner, acting under color of law as Texas State Medical Board member, can receive mail at c/o Texas Medical Board, 333 Guadalupe, Tower 3, Suite 610, Austin, TX 78701.

17. Defendant Annette P. Raggette, acting under color of law as Texas State Medical Board member, can receive mail at c/o 12400 Highway 71 West, Ste. 350-344, Austin, TX 78738.

18. Defendant Larry Price, D.O., acting under color of law as Texas State Medical Board member, can receive mail at c/o King's Daughters Clinic, Department of Cardiology, 1905 SW H.K. Dodgen Loop, Temple, TX 76502.

19. Defendant Melinda McMichael, M.D., acting under color of law as Texas State Medical Board member, can receive mail at c/o The University of Texas at Austin, University Health Services, P.O. Box 7339, Austin, TX 78713-7339.

20. Defendant Amanullah Khan, M.D., acting under color of law as Texas State Medical Board member, can receive mail at c/o 4201 Medical Center Dr., Ste 180, McKinney, TX 75069.

21. Defendant Paulette B. Southard, acting under color of law as Texas State Medical Board member, can receive mail at c/o P.O. Box 307,

5

Alice, TX 78333-3307.

22.     Defendant David Garza, D.O. , acting under color of law as Texas
        State Medical Board member and under color of law as Expert
        Witness for Texas State Medical Board, can receive mail at c/o 6801
        McPherson Rd., Suite 33, Laredo, TX 78041.

22.     Defendant Anonymous Expert Reviewer for Investigation Log # 06-1873,
        acting under color of law as anonymous expert reviewer for Texas State
        Medical Board, can receive mail at c/o Texas Medical Board, 333
        Guadalupe, Tower 3, Suite 610, Austin, TX 78701.

23.     Defendant Irwin Segal, M.D. can receive mail at c/o 6537 Preston Rd.,
        Plano, TX 75024.

24.     Defendant Aaron Segal, M.D. can receive mail at c/o 6537 Preston Rd.,
        Plano, TX 75024.

25.     Defendant Cathleen Parsley, acting under color of law as SOAH Chief
        Administrative Law Judge can receive mail at c/o 300 West 15th, Suite 504
        Austin, TX 78701-1649.

III.

STATEMENT OF THE FACTS

Plaintiff is a licensed medical doctor in the State of Texas. A complaint was filed
with the Texas State Medical Board by a patient after returning to her previous physician,
a competitor of mine. A full Medical Board investigation followed. Board rule and
protocol were not followed in the investigation. I was then advised of the scheduling of an
"informal settlement conference". I was specifically denied a recording of this conference.
My request for confirmation of agency authority and jurisdiction to proceed with the
conference were not responded to. Evidence I offered was refused at the conference

6

because "it would take too long to read". Record of this statement was denied. TMB (Texas Medical Board) staff however, allowed plenty of time for a telephonic testimony by a woman alleging to be the complainant patient. I was not able to cross examine this individual and testimony was not under oath. At the time of the "conference" I was told the Board felt I was not competent to practice medicine and was offered an opportunity to voluntarily relinquish my license to avoid further proceedings. I was again offered the opportunity to relinquish my license voluntarily by mail, and onerous conditions were set for reinstatement. I refused to voluntarily relinquish my license and charges were filed against me in Administrative Law Court to deprive me of my medical license. I objected to this venue due to subject matter involving constitutional property rights. This objection was ignored and I am deprived of due process in a court that does not have authority to dismiss or otherwise adjudicate this subject matter regarding constitutional rights. I resigned my position at the clinic feeling the Board was attacking the clinic through me. The two other doctors who worked at the clinic had been investigated by the Board during their tenure there The Board legal staff, under the supervision of the Texas Medical Board, has repeatedly attempted to use arbitrary and capricious interpretations of vague rules and laws against me. I was never made aware that my actions violated any rules or laws, nor was I given the opportunity to be in compliance, until I was charged. Currently trial is set for May 1, 2009 in the State Office of Administrative Hearings.

IV.

COMPLAINT

Count 1

The defendants, as Texas State Medical Board Members and acting under color of law, willfully and knowingly violated government agency rules and State law while investigating and prosecuting plaintiff, violating his right to due process and equal

7

protection guaranteed by the 4th , 5th, and 14th Amendments of the U.S. Constitution.

### Count 2

The Defendants violated Title 42 § 1985 (3) by discriminating, under color of law, against a class or class of persons, being the Plaintiff. The Defendant conspirators were motivated, did or caused to be accomplished, the acts outlined in the Statement of Facts in furtherance of the conspiracy to violate Plaintiff's right to free exercise of rights under the liberty clause of the 5th Amendment, all of which were terminated by and through Defendant's actions, threats and intimidation, under color of law. This created a chilling effect against the Plaintiff, who is a class of citizen of the United States.

### Count 3

The Defendants being two or more persons acting under color of law, conspired for the purpose of depriving, directly or indirectly, the Plaintiff of his equal protection of the laws as well as the equal privileges and immunities under the law including the 4th, 5th, and 14th Amendments of the U.S. Constitution of the rights concerning due process of law and equal protection under the law.

### Count 4

The Defendant Texas State Medical Board Members, under color of law, by an attempted Involuntary Fraudulent Conversion have illegally taken the rights, ownership and control of Plaintiff's medical license property.

### Count 5

The Defendant Texas State Medical Board Members have accomplished this Tort Interference or Action against Plaintiff by causing the Plaintiff to suffer financial loss and hardship through the chilling effect on the full rights and benefits of his medical license property.

### Count 6

The Defendant Texas State Medical Board Members, by an Involuntary Fraudulent Conversion, have illegally taken the benefits of ownership and rights of Plaintiff's equity interest by breach of contracts fraud, trickery, deceit, illegal endeavors and conspiracy to restrict free trade and commerce afforded by medical license property rights.

## Count 7

The Defendant Texas State Medical Board Members, under color of law, have conspired among themselves and with other persons or entities to willfully, unlawfully and knowingly violate the contracts with Plaintiff by depriving the Plaintiff of the unrestricted use and benefit of his medical license.

## Count 8

All of the Defendants jointly and severally have conspired, under color of law, to unfairly and in bad faith illegally take and deprive said property, Plaintiff's Texas Medical license, from Plaintiff in violation of due process of law and equal protection. The unlawful scheme on the part of the Defendants causes the use of said property to be unlawfully restricted without due process of law.

## Count 9

The Defendant Texas State Medical Board Members, under color of law, intentionally and illegally committed the overt actions and offenses outlined in the Statement of Facts which are incorporated into this Count, by interfering with the free exercise of the Plaintiff's rights involving criminal violations of Title 18 U.S.C. section 241. The Defendants conspired to and did injure, oppress, threaten and intimidate the Plaintiff in the free exercise or enjoyment of the rights and privileges secured to the Plaintiff by the 1st, 5th, and 14th Amendments to the U.S. Constitution and relating to Constitutionally  guaranteed property rights associated with his medical license property.

Defendant Texas Medical Board members conspired in meeting and directing, under color

of Medical Board policy and procedure, the illegal harassment, intimidation and

humiliation of Plaintiff and devaluation of his medical license property rights.

### Count 10

The Defendant Texas State Medical Board Members, under color of law,

intentionally and illegally conspired to commit the overt actions and offenses, outlined in

the Statement of Facts of this case which are incorporated in this count, by interfering with

the free exercise of the Plaintiff's rights involving the right not to be falsely and illegally

libeled and slandered. The Defendants injured the Plaintiff's reputation and exposed the

Plaintiff to public hatred, contempt, and ridicule and impeached the Plaintiff's honesty,

integrity, virtue and reputation and made public the untrue defects of the Plaintiff and

thereby exposed the Plaintiff to public hatred, ridicule and financial injury through the

chilling effect on prospective employers.

### Count 11

The Defendant Texas State Medical Board Members, under color of law, have

impaired and have violated the rights of the Plaintiff to make and enforce contracts and

other agreements under Title 42 U.S.C. 1981 by discriminating against Plaintiff as

outlined in the Statement of Facts. Lengthy investigation and improper prosecution

without jurisdiction or authority has frozen Plaintiff's ability to make and enforce

contracts related to his medical license property.

### Count 12

The Defendant Texas State Medical Board Members, under color of law, entered

into agreements to carry out the scheme of an enterprise through a pattern of racketeering

activity to defraud the Plaintiff as outlined in the Statement of Facts and the above Counts

by the use of the mails or wires in violation of Title 18 U.S.C.  1341 and 1343. The

Defendants devised or intended to devise a scheme to defraud or obtain money or property by means of false or fraudulent pretense, representations, or promises for the purpose of executing the scheme or artifice or attempting to do so by utilizing the U.S. Mail, private or commercial interstate carriers, telephone, fax, email or other methods. The Defendants, under color of law, also criminally violated Title 18 U.S.C. 241 and 242 by willfully, knowingly and unlawfully violating the Plaintiff's civil and constitutional rights. These acts are all in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) under Title 18 U.S.C. 1961-68 (1994) or more specifically Title 18 U.S.C. 1962 (c) and (d). These RICO violations began occurring more than one (1) year in the past.

Count 13

The Defendant Texas State Medical Board Members and Defendants Irwin Segal, M.D., and Aaron Segal M.D. willfully and knowingly encouraged, inflamed the passions and prejudices of Board Members and Staff and enticed and coerced Plaintiff's patient to testify and make statements against Plaintiff with misrepresentations and false declarations, when in fact, said patient only had grievances and self interests not related to the jurisdictional Medical Board investigation against Plaintiff.

Count 14

Defendants Irwin and Aaron Segal conspired with patient of Plaintiff and with Texas Medical Board Members, and unnamed staff supervised by Members, individually to illegally interfere with legal professional competition in the form of Plaintiff's professional medical practice. This action in restraint of trade and commerce is a violation of Plaintiff's constitutional right to liberty, privacy, equality, and due process.

Count 15

The Defendant Texas State Medical Board Members, under color of law, individually and jointly attempted and conspired to restrict lawful commerce in the form

of Plaintiff's medical practice by attempting to obtain from Plaintiff, with his consent, the

rights to his medical license property. This attempted extortion was induced through

harassment, intimidation and fear in the form of a secret unrecorded "hearing" called an

"Informal Settlement Conference", under color of official right. This extortion is in

violation of Title 18 U.S.C. section 1951. Plaintiff's due process rights were violated when

defendant Medical Board members through Texas Medical Board Rule refused to allow

Plaintiff to record the settlement conference at his expense. As a result Plaintiff has no

record of the testimony of the "surprise" witness and the improper and slanderous remarks

made by panel members, to use in his defense. No cross examination of witness testimony

was permitted. Witness testimony was made telephonically without oath or proof of

identity.

Count 16

The Defendant Texas State Medical Board members, under color of law and

authority as The Texas Medical Board, in violation of anti trust laws and without basis in

fact seek to control or restrict Plaintiff's rights of medical judgment and decision making

regarding choice of medication. This violation of Plaintiff's liberty and rights associated

with the privileges conferred by his Texas Medical license  through the non specific,

arbitrary and capricious application of laws and rules to seeking restrict the use of certain

legal and indicated drugs to the benefit of others.

Count 17

The Defendant Texas State Medical Board members, under color of law, caused

the Plaintiff to be under an illegal jurisdiction, venue and authority when in fact the

Original Complaint was fatally defective and did not exist due to several missing legal and

fact elements, in violation of due process.

Count 18

All of the Defendants discriminated against Plaintiff in violating his due process of law and equal protection under the law both individually and in combined conspiracy among themselves. The Defendants had an improper ulterior motive for the discrimination.

### Count 19

The Defendant Texas State Medical Board Members, under color of law, used arbitrary and capricious interpretation of vague rules and regulations to construct an appearance of impropriety against Plaintiff causing unfair bias and prejudice and violating rights of due process and equal treatment under the law to deny Plaintiff the full benefit of his Texas medical license property rights.

### Count 20

The Defendants, under color of law jointly as the Texas Medical Board, willfully and knowingly prosecuted Plaintiff in the wrong venue and jurisdiction using the wrong standard in attempting to deprive him of his medical license property, first with his consent and consequently against his will, through depletion of financial resources, harassment, intimidation and fear.

### Count 21

All of the Defendants were only concerned with injustice, prejudice and unfairness to be administered to the Plaintiff through their acts, words, and deeds, in violation of due process of law and equal protection under the law.

### Count 22

Defendant Texas State Medical Board Members, under color of law, continued a pattern of discrimination against Plaintiff when he demanded and was denied his due process rights to record the "Informal Settlement Conference".. The refusal of the Members of the Texas Medical Board and specifically the Members directly involved in Plaintiff's "informal settlement conference" and in the investigation and events leading to

the Plaintiff's "informal settlement conference" through their denial of due process to record the conference contributed willfully and knowingly to conspiracy against Plaintiff and his rights to equality, privacy and liberty.

### Count 23

Defendant Texas State Medical Board Members, under of color of law, arbitrarily and capriciously violated their own agency rules of protocol of "Expert Review Panel" selection and final report protocol. The intended effect of the final report was to intimidate and threaten Plaintiff with undocumented defects in Plaintiff. Additionally this deficient report was replete with false statements that were used to inflame the bias against defendant. The "Expert Panel Final Report" was classified as "confidential" and this information was denied to Plaintiff for his defense. This violation of agency rule is a violation of Plaintiff's due process and contributes to conspiracy. Withholding of evidence beneficial to Plaintiff's defense is in violation of Plaintiff's due process and contributes to conspiracy.

### Count 24

The unnamed Expert Reviewer retained by the Texas Medical Board under color of law, created biased, prejudicial and false evidence that was officially acknowledged by the Texas Medical Board Members in the conspiracy to defraud Plaintiff of his property rights, equal treatment and due process.

### Count 25

Defendant Texas State Medical Board Members and Defendant David Garza, M.D., under color of law, willfully and knowingly conspired to violate Board Rule and ethics statutes in the selection of an expert witness David Garza M.D. The Texas Medical Board selected Dr. Garza as an "expert witness" to testify against Plaintiff. Dr. Garza been a Board Member when Plaintiff was initially investigated, disqualifying him under State

Ethics Law and Board Rule. Violation of Board Rule is a violation of Plaintiff's due process and contributes to conspiracy against Plaintiff.

### Count 26

Defendant Texas Medical Board Expert witness and previous Texas Medical Board Member, David Garza M.D, under color of law, through the personal creation of false, biased and unsubstantiated discriminatory evidence against Plaintiff, with intention furthered the bias and prejudice to perpetuate the conspiracy to defraud Plaintiff of his medical license property rights and due process.

### Count 27

All of the Defendants in their individual capacities and under color of law conspired together and knowingly and unknowingly violated and deprived the Plaintiff of liberty concerning the right to be left alone and pursue one's chosen profession without interference and harassment under the liberty clause of due process in the Fifth Amendment to the U.S. Constitution.

### Count 28

Defendant Texas State Medical Board Members jointly as the Texas State Medical Board, under color of law, have deprived and are continuing to deprive Plaintiff of property under the property clause of due process in the Fifth Amendment, causing Plaintiff to experience undue difficulty and expense in protecting his interest which, though not limited to, include Plaintiff's medical license and his right to practice medicine.

### Count 29

The Defendant Texas State Medical Board Members' use of the Texas Medical Practice Act and Board Rules constitutes a deprivation of Constitutional property rights under color of state law.

### Count 30

The Defendants, individually and jointly, have an indirect pecuniary interest in the outcome of the proceedings against the Plaintiff causing the administrative process to be extremely biased against the Plaintiff and rendering the Defendants incompetent to adjudicate the issues. The Defendants only concern was their own financial well being and status among their peers. The Defendants were biased and, because the bias was known and real, they acted in bad faith and could not provide the Plaintiff with fair and impartial hearings, in violation of his due process.

### Count 31

The Defendants, under color of law, conspired to deprive Plaintiff out of his property, i.e., his right to practice his profession. Without due process of law, the result is that irreparable injury follows in the normal course of business, considering the attendant bad publicity which would inevitably be associated therewith.

### Count 32

The Defendants, being part of, in concert with, or contracted by the defendant administrative body itself and acting under color of law, were unconstitutionally constituted rendering them incapable of investigating or even hearing the charges filed against the Plaintiff and were, by reason of prejudgment bias, incompetent to consider the charge.

### Count 33

The Defendant Texas State Medical Board Members jointly and severally under color of law have knowingly and willfully refused to fulfill or satisfy the statutory requirements that would legally give them the governmental agency authority and jurisdiction they lay claim to as the Texas Medical Board. In spite of fair notice of the deficiency, Board members, under color of State law, refuse to comply with State law.

### Count 34

The Defendant Texas Medical Board Members, under color of law, have consistently and continue to exercise bad faith in prosecuting the Plaintiff by refusing to honor or follow established statutes, rules, regulations and legal principles of law, which has resulted in severe intent to cause harassment. The Plaintiff has suffered irreparable damages as a result, that is both great and immediate. This can be characterized as official lawlessness.

<u>Count 35</u>

The Defendant Texas State Medical Board Members jointly as the Texas State Medical Board refused to adequately respond and comply with legitimate and legal due process requests including but not limited to:

a.) Complying with providing indexing and cross-indexing to statute as mandated by state law.

(b.) Providing the necessary rules of interpretation or construction in the administrative action.

(c.) Providing full access to Plaintiff's investigative report and other evidence useful for his defense classified as confidential

(d)Non compliance with the Privacy Act of 1974, since the Board assumed federal jurisdiction and is a nominee for federal agencies

(e) Non-compliance in providing copies of Oaths of Office for all Board members and elected and appointed officers

<u>Count 36</u>

The Defendant Texas State Medical Board Members jointly as the Texas State Medical Board, under color of law, seek to willfully and knowingly violate the contracts with the Plaintiff concerning the fulfillment of the contract agreement in breach of the contracts with Plaintiff's patients.

## Count 37

Texas Medical Board Member committee chairmen and members, under color of law, willfully and knowingly conspired against Plaintiff through the use of their official position and the authority and privileges of their position to further the extortion of Plaintiff's property right.

## Count 38

Donald Patrick M.D. and Mari Robinson individually and jointly, under color of law, used the office of Texas Medical Board Executive Director, through the privileges and authority associated with the office to willfully and knowingly further the conspiracy to deny Plaintiff his Constitutional rights to due process, equal treatment under the law, liberty, and property rights.

## Count 39

Donald Patrick M.D., Mari Robinson as respective Executive Directors, individually and jointly with other Texas Medical Board Members failed to adequately maintain agency records as required by Texas statute, for the legal protection of the agency and Plaintiff. This action contributes to conspiracy to defraud Plaintiff of his Texas medical license by violation of State law and denial of due process.

## Count 40

Roberta Kalafut M.D., under color of law, used the office of President of the Texas Medical Board and the authority and privileges associated with the office to knowingly and willingly contribute to the illegal conspiracy to deny Plaintiff his constitutional property rights, liberty, equality and due process. Dr. Kalafut's position required that she be aware of, condone and be an accessory to ongoing violations of State law, violations of Texas Medical Board Rules, and violation of Plaintiff's Constitutional rights of liberty,

equality, and due process. By having knowledge of and failing to protect Plaintiff from

Constitutional rights violations Dr. Kalafut collaborated with the conspiracy to defraud

Plaintiff of his Texas medical license property rights and privileges.

Count 41

Donald Patrick under color of law, used the office of Executive Director of the

Texas Medical Board and the authority and privileges associated with the office to

knowingly and willingly contribute to the illegal conspiracy to deny Plaintiff his

constitutional property rights, liberty, equality and due process. Dr. Patrick's position

required that he be aware of, condone and be an accessory to ongoing violations of State

law, violations of Texas Medical Board Rules, and violation of Plaintiff's Constitutional

rights of liberty, equality, and due process. By having knowledge of and failing to protect

Plaintiff from Constitutional rights violations Dr. Patrick collaborated with the conspiracy

to defraud Plaintiff of his Texas medical license property rights and privileges.

Count 42

Mari Robinson under color of law, used the office of Executive Director of the

Texas Medical Board and the authority and privileges associated with the office to

knowingly and willingly contribute to the illegal conspiracy to deny Plaintiff his

constitutional property rights, liberty, equality and due process. Mari Robinson's position

required that she be aware of, condone and be an accessory to ongoing violations of State

law, violations of Texas Medical Board Rules, and violation of Plaintiff's Constitutional

rights of liberty, equality, and due process. By having knowledge of and failing to protect

Plaintiff from Constitutional rights violations Mari Robinson collaborated with the

conspiracy to defraud Plaintiff of his Texas medical license property rights and privileges.

Count 43

Unnamed Texas Medical Board agency staff, under color of law, perpetuated the

conspiracy to deny Plaintiff his Constitutional rights of liberty, equality, due process and property rights through their official actions on behalf of or without the knowledge of their superiors.

### Count 44

Donald Patrick M.D. and Mari Robinson, under color of law, as Executive Directors of the Texas Medical Board, individually and jointly with, as yet unidentified, Texas Medical Board members directed and perpetuated the illegal prosecution of Plaintiff into a court lacking jurisdiction over the subject matter of professional medical license property rights guaranteed by the U.S. constitution and Federal Law and case law.

### Count 45

Texas Medical Board Members and executive staff, individually, and in committees, acting under color of law, denied Plaintiff Constitutional due process by failing to properly supervise Board staff in the investigation, review, oversight of protocol, dissemination of improper information and evidence, and improper prosecution perpetuated the conspiracy designed to create hate, prejudice and bias against Plaintiff to intimidate, humiliate and facilitate denial of due process and property rights associated with his Texas medical license. This action could not be consummated without the willing and knowing collaboration of Board Members, staff, and other actors in cumulative conspiracy violating the intent of State law in the form of the Texas Medical Practice Act, Texas Medical Board rules and procedures, Texas State statutory mandates governing Board Rule, authorization and jurisdiction , Texas Constitutional Law governing property rights, U.S. Constitutional law governing property rights and due process, and Federal case law.

### Count 46

Cathleen Parsley, SOAH chief Administrative Law Judge, for accepting improper

subject matter, regarding the deprivation of a professional medical license, for

adjudication in administrative law court lacking authority or jurisdiction to dismiss the

charges based on the appropriate standard of evidence, violation of due process and

Constitutional law defects. Texas Medical Board pleadings clearly threatened Plaintiff's

Texas Medical license property right and must be litigated before a judicial authority with

jurisdiction over Constitutionally guaranteed property rights, due process, equality, and

liberty.

Count 47

Cathleen Parsley, SOAH Chief Administrative Law Judge, under color of law for

assigning an Administrative Law Judge who is not Constitutionally qualified to hear and

adjudicate subject matter regarding Constitutional violation of civil property rights. The

ALJ assigned is deficient in lacking evidence of a signed and filed Oath of Office.

V.

REQUEST FOR TEMPORARY AND PERMANENT INJUNCTION

The Plaintiff is entitled to an immediate temporary injunction of SOAH proceedings

docket number 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 due to the continuing abuse, actions, and violations of

substantial rights caused by Defendants. It is certain that irreparable and irreversible harm

will result if this court does not issue a temporary injunction and finally, a permanent

injunction. The Plaintiff will prevail on these claims and the Defendants cannot prevail

due to the overwhelming legal grounds and evidence against them in this case.

VI.

CONCLUSION

Therefore, due to the severe harassment, intimidation and overt illegal acts against

the Plaintiff, he has endured great harm in legal costs, expenditure of vast amounts of his

professional time, decreased income and loss of business opportunity, loss of professional

21

reputation and standing, loss of liberty and property, loss of due process under law and equal protection of the law outside of a legitimate governmental interest, which was/is totally unwarranted.

## VII.

## DAMAGES

The Plaintiff asks this court for a judgment in his favor and actual damages of two million dollars ($2,000,000.00) from each defendant. The Plaintiff also asks for eight million dollars ($8,000,000.00) in punitive damages from each defendant. The Plaintiff does not seek damages from the public (federal or state) treasury, but solely from the individual funds of the Defendants.

Due to the fact that the Defendants may be unable or unwilling to pay for said damages in cash, Plaintiff demands that any and all personal and real assets be the subject matter for damages. Personal and real assets would include, but not be limited to, any and all real property, stocks, bonds, vehicles, certificates of deposits, money market accounts, equipment, furniture, jewelry, boats, sporting equipment, etc. Therefore, the Defendants' real and personal properties should be subject to a Notice of Lis Pendens, prohibiting the sale or disposition of said property until a final disposition of this cause of action.

Respectively Submitted,

Rodulfo L. Rivera, M.D.
8032 Cavalier Dr.
Plano, TX 75024
214-535-7787

## **VERIFICATION**

IT IS HEREBY Verified that under the penalties of perjury that the forgoing complaint is true and correct to the best of my knowledge an belief.

Witness my hand and seal this _/7_ day of April, 2009.

Rodulfo L. Rivera, M.D.